## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LAVERA FOLTYNSKI,** | ) **Case No.:** |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **VITAL ONE HEALTH PLANS DIRECT, LLC,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |
| | ) |

## <u>COMPLAINT</u>

LAVERA FOLTYNSKI ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VITAL ONE HEALTH PLANS DIRECT, LLC ("DEFENDANT"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Ohio, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6. Plaintiff is a natural person residing in Toledo, Ohio 43608.

7. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 16250 NW 59th Avenue, Suite 208, Miami Lakes, Florida 33014.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in or around early September 2016, Defendant began to contact Plaintiff by calling her personal cellular telephone multiple times per day.

13. When contacting Plaintiff on her cellular telephones, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14.     The automated calls began with a pre-recorded voice before speaking to one of Defendant's representatives.

15.     Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling Plaintiff for telemarketing purposes.

16.     Desiring to put an end to these repeated calls, Plaintiff spoke with Defendant in September 2016 shortly after the calls began and revoked consent for Defendant to call her.

17.     Defendant heard and acknowledged Plaintiff's request to stop by hanging up on Plaintiff.

18.     Once Defendant was informed that its calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19.     Rather than restrict its calls to Plaintiff's cellular telephone, Defendant continued to call Plaintiff multiple times per day despite Plaintiff's clear revocation of consent.

20.     Thereafter, Plaintiff continued to receive calls through October 2016.

21.     Ultimately, after Plaintiff's requests to stop the calls were ignored by Defendant, she was forced to block calls from Defendant's phone numbers.

22.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

PLAINTIFF'S COMPLAINT

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

23.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24.     Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25.     Defendant's calls to Plaintiff were not made for emergency purposes.

26.     Defendant's calls to Plaintiff, on and after September 2016, were not made with Plaintiff's prior express consent.

27.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LAVERA FOLTYNSKI, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

      e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAVERA FOLTYNSKI, demands a jury trial in this case.

Respectfully submitted,

DATED: October 28, 2016      By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff

PLAINTIFF'S COMPLAINT